PREGERSON, Circuit Judge,
affirming in part and dissenting in part:
I concur in the majority’s conclusion that we vacate the 100-month sentence imposed on all counts. I agree that we reverse the convictions for arson based on the improper exclusion of evidence that the defendant was afflicted with Asperger’s Syndrome. Evidence of Asperger’s Syndrome could have assisted the jury to determine whether Cottrell had the specific intent required for aiding and abetting the commission of arson.
I disagree, however, that evidence that Cottrell was suffering from Asperger’s Syndrome was irrelevant to assisting the jury to determine whether Cottrell participated in a conspiracy to commit arson. I agree with the majority that we use an objective standard to determine whether the criminal acts that fell -within the ambit of the conspiracy were reasonably foreseeable and were carried out in furtherance of the conspiracy, absent a showing that the defendant suffers from a disability that is “both gross and verifiable.” United States v. Johnson, 956 F.2d 894, 898 (9th Cir.1992). But I submit that Asperger’s Syndrome meets these two requirements. Cottrell’s perception of what is reasonably foreseeable could be impaired by his disability. Accordingly, evidence of the complexity, severity, and extent of Asperger’s Syndrome suffered by Cottrell could have assisted the jury to determine whether arson was a reasonably foreseeable act of the conspiracy. Therefore, I dissent in part.